United States District Court
Middle District Tennessee

) Craig Cunningham
) Plaintiff, Pro-se
)
) v.                  **CIVIL ACTION NO.**
)
) Spectrum Tax Relief, LLC, Monserrat Araujo, Manuel Araujo, Victoria Blasiak, Araujo law offices, PC
)      John/Jane Doe 1-10
)      Defendants.

**Plaintiff's Amended Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Spectrum Tax Relief, LLC is a California corporation operating from 3 Whatney #100 Irvine, CA 92618 with a registered agent of Wessam Khalifa at the same address.

3. Monserratt Araujo is a California lawyer who can be served at 400 Continental Blvd., Fl 6, El Segundo, CA 90245.

4. Manuel Araujo is a california lawyer who can be served at 400 Continental Blvd., 6th Floor, El Segundo, CA 90245.

5. Victoria Blasiak is a CPA who can be served at PO Box 3653 Orange, CA 92857.

6. Araujo Law Offices, PC is a California corporation with a registered agent of Monserrat Araujo who can be served at 829 Ocean Park Blvd., Apartment 7, Santa Monica, CA 90405.

7. John/Jane Does 1-10 are currently unknown persons or entities that are also liable for the calls in question.

## Jurisdiction

8. Jurisdiction of this court arises as the acts happened in this county

9. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here.

10. The Defendants regularly had calls placed for their benefit or on their behalf to Tennessee residents for the purpose of soliciting residents to buy their promotional products and services, and these products and services were regularly shipped to Tennessee residents.

## FACTUAL ALLEGATIONS

11. On July 24th, 2016, the Plaintiff recieved a phone call to his cell phone that was initiatiated using an automated telephone dialing system and pre-recorded message. The Plaintiff never consented to being contacted using an automated telephone dialing system or pre-recorded message to his cell phone, nor was the call for any emergency purpose.

12. The caller ID for the number was 206-519-6518 and the Plaintiff's cell phone dialed was 615-212-9191. The 206 number was spoofed and was a

disconnected phone number when the Plaintiff attempted to call it back. This spoofing indicates the willfull and knowing attempt to violate the law by the Defendants as they wanted to break the law and not get caught, hence the spoofing of the caller ID.

13. The pre-recorded message stated: *"You have heard it on the radio, and now we are calling you direct. If you have no tax problems, please hang up now or press 9 to be placed on our do not call list. We will never call you again. The IRS made new assistance available to businesses and individuals who are currently struggling with their Federal taxes. Do you have several years of unfiled tax returns? Is your pay or bank account being levied or garnished? If you owe $10,000 or more in back taxes, we can help. Press 2 now or call 888-814-4411. We can stop wage garnishments, prevent bank levies, remove liens, and give you peace of mind. Again Press 2 now."*

14. The Plaintiff pressed 2 only to ascertain who was calling as the pre-recorded message failed to state the business name or entity that was calling as required by the TCPA, 47 CFR 64.1200(b) which states that all pre-recorded messages shall at the beginning of the message state clearly the identity of the business, individual, or other entity that is responsible for initiating the call.

15. On August 10th, 2015, the Plaintiff recieved an email from Derrick Robbins from Spectrum Tax Relief, LLC who stated that their lead attorney was Monserrat Araujo of Araujo Law Offices, PC and they were providing

3

Case 3:16-cv-02283   Document 1   Filed 08/26/16   Page 3 of 9 PageID #: 3

business and leads for Monserrat Araujo. The Plaintiff spoke with individuals at Araujo Law office on 8/10/2015 and they confirmed that they were affiliated with Spectrum Tax Relief and that Spectrum was referring customers to them.

16. At the time, Araujo Law office was a 3 person firm that focused on Tax law with Monserrat and Manuel who appear to be the partners of the firm and a CPA named Victoria Blasiak, (hereafter Araujo Law firm defendants) also worked for them at the time. These individuals in addition to Araujo Law firm are the people and entities that stood to benefit from the phone calls to the Plaintiff, as well as Spectrum Tax Relief, LLC.

17. Over the following months, recieved text messages and additional automated calls by or on behalf of Spectrum Tax and the Araujo Law firm defendants.

### Unsolicited calls

18. The Plaintiff recieved unsolicited text messages from 877-245-4014 by or on behalf of Spectrum and the Araujo law firm defendants on June 22, 2016 and August 24, 2016.

19. The Plaintiff recieved unsolicited calls from Spectrum Tax using an automated telephone dialing system at least 28 additional times

20. In total, there were at least 30 calls by or on behalf of Spectrum Tax and the Araujo law firm defendants.

21. The Plaintiff is in the process of research additional calls and this is by no means an exhaustive list of all calls made by the Defendants.

22. The individual corporate officers Monserratt and Manuel Araujo are liable for the calls placed on behalf of their corporation and the currently unknown corporate officers of Spectrum Tax each of the corporate entities are liable for the calls placed on behalf or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.
23. The individual corporate officers also failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA which makes them personally liable for the telephone calls made on their behalf and for their benefit.
24. These phone calls violated the TCPA in two ways, first by placing multiple automated telephone calls to the Plaintiff's cell phone in violation of 47 USC 227(b), and second by not conforming to the requirements of 47 USC 227(c)(5) and the FCC's rulemaking authority under 47 CFR 64.1200(d), which requires the defendants to have a written policy for maintaining a do-not-call list, failure to train agents and personnel engaged in telemarketing on the use of the do-not-call list, and the failure to identify the party placing the call or the entity for which the call is being placed. Each of the Defendants are jointly liable to the Plaintiff in the amount of $3,000 per call made, $1500 for violating 47 USC 227(b) and $1500 for violating 47 USC 227(c)(5).

25. The Plaintiff alleges direct liability for the listed corporations and the officers of the corporations. Additionally, the officers of the corporations have a direct role in the illegal conduct, authorizing it and ratifying the illegal telephone calls.

26. The officers of each and every listed corporation had direct, personal conduct in authorizing the telephone calls or oversaw and directed the telemarketing efforts for which their corporations benefitted. The officers set company policy and directed the marketing efforts of the respective companies.

### Actual Damages.

27. Additionally, the Plaintiff has suffered annoyance, frustruation, anger, loss of cell phone use, reduced battery life of his cell phone due to the calls.

28. The Plaintiff has incurred an increased charges for electrical usage for more frequently charging of his cell phone due to the repeated calls by the Defendants.

### CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

29. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by using an autoated telephone dialing system to place calls to the Plaintiff's cell phone in violation of 47 USC 227(b). This entitles the Plaintiff to recover $1500 per call.

## CAUSES OF ACTION:

## COUNT II

## Violations of the Telephone Consumer Protection Act (TCPA)

31. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by 47 USC 227(c)(5) by way of 47 CFR 64.1200(d) and failed to comply with the requirements to maintain and train employees on the use of a do-not-call list.

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call for each defendant mentioned in the call

C. Actual damages as determined at trial

D. Pre-judgment interest from the date of the phone calls

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted August 24th, 2016

Craig Cunningham Plaintiff, Pro-se, 615-348-1977

5543 Edmondson Pike, ste 248, Nashville, TN 37211

