IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CRAIG CUNNINGHAM )
)
v. ) NO. 3:16-2283
)
SPECTRUM TAX RELIEF, LLC, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered August 31, 2016 (Docket Entry No. 5), the Court referred the above captioned action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending is Defendants' motion to dismiss (Docket Entry No. 10), to which Plaintiff has filed a response in opposition (Docket Entry No. 15). For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that the motion be granted in part and denied in part.

## I. BACKGROUND

Craig Cunningham ("Plaintiff") is a resident of Nashville, Tennessee. On August 26, 2016, he filed this *pro se* lawsuit against Spectrum Tax Relief, LLC ("Spectrum"), Montserratt Araujo,[1] Manuel Araujo, Victoria Blasiak ("Blasiak"), and the Araujo Law Offices, PC ("Araujo Law"), all of whom are alleged to be either businesses or individuals located in California. Plaintiff asserts that he received unsolicited telephone calls and text messages to his cell phone from Defendants in

---

[1] Plaintiff erroneously spelled the first name of this Defendant as "Monserrat" in his Complaint.

violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"). As relief, he seek seeks statutory and actual damages, as well as attorney's fees.

Plaintiff specifically alleges that he received a telephone call to his cell phone on June 24, 2016, that was made using an automated telephone dialing system and contained a pre-recorded message about "tax problems." *See* Complaint (Docket Entry No. 1) at ¶ 11. The message stated that Plaintiff should either hang up now or "press 9 to be placed on our do not call list," or should "press 2 now or call 888-814-4411" if he had a tax debt of "$10,000 or more." *Id*. at ¶ 13. Plaintiff asserts that he "pressed 2" in order to ascertain who was calling him. *Id*. at ¶ 14.[2] Plaintiff alleges that, on August 10, 2015, he received an email from "Derrick Robbins from Spectrum Tax Relief, LLC, who stated that their lead attorney was Monserrat (sic) Araujo of Araujo Law Offices, PC and they were providing business and leads for Monserrat (sic) Araujo" and that he "spoke with individuals at Araujo Law office on 8/10/2015 and they confirmed that they were affiliated with Spectrum Tax Relief and that Spectrum was referring customers to them." *Id*. at 3-4, ¶ 15. Plaintiff alleges that he subsequently "received text messages and additional automated calls by or on behalf of Spectrum Tax and the Araujo Law firm defendants." *Id*. at 4, ¶ 17. Plaintiff contends that the three individually named Defendants are part of Araujo Law and "stood to benefit from the phone calls to Plaintiff," *id*. at 4, ¶ 16, and further are "personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made." *Id*. at 5, ¶ 22.[3]

Based on these events, Plaintiff brings two counts against Defendants under the TCPA. In Count I, he alleges that Defendants' actions constitute multiple violations of the TCPA because

---

[2] Plaintiff asserts in his response in opposition to the motion to dismiss that he "gave a fictitious tax debt owed to the IRS only to gain the identity of the caller or the party on whose behalf the call was being placed." *See* Docket Entry No. 15 at 2, ¶ 7.

[3] Although the Court presumes that the events alleged by Plaintiff occurred within the same year, the exact time frame at issue is somewhat unclear because Plaintiff refers to both 2015 and 2016 in his Complaint. Plaintiff also styles his Complaint as an "amended complaint" even though it is the first pleading filed in this lawsuit.

Defendants used an automated telephone dialing system to place calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b). *Id*. at 7, ¶ 82. In Count II, he alleges that Defendants' actions constitute multiple violations of 47 U.S.C. § 227(c)(5) "by way of" 47 C.F.R. § 64.1200(d) because Defendants failed to comply with the requirements to maintain employees and train employees on the use of a do-not-call list. *Id*. at 7, ¶ 32.

In lieu of an answer, Defendants filed the pending motion to dismiss. Filed in support of the motion are the declarations of Defendant Montserratt Araujo, Defendant Blasiak, and Mohamed Hegazi, the Chief Financial Officer for Defendant Spectrum. *See* Docket Entry No. 10-1.[4] All Defendants move for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. Defendant Montserratt Araujo declares that she is an attorney licensed and practicing in California, that she has had no contacts with Tennessee, and that she has never contacted Plaintiff or directed any named Defendant to develop business from Plaintiff. *See* Docket Entry No. 10-1 at 2-3. As the representative for Defendant Araujo Law, she declares that Araujo Law is a law firm operating in California that does no business or advertising in Tennessee, that has no contacts with Tennessee, and that has never contacted Plaintiff or directed that any named Defendant develop business from Plaintiff. *Id*. at 9-10. Defendant Blasiak declares that she is a certified public accountant who works in California and who has never worked or visited Tennessee, that she does not work for any of the other Defendants, and that she has never contacted Plaintiff or directed any named Defendant to develop business from Plaintiff. *Id*. at 6-7. On behalf of Defendant Spectrum, Mohamed Hegazi declares that Spectrum is a California company that does no business or advertising in Tennessee and that it does not solicit business from Tennessee residents. *Id*. at 12. He further declares that Spectrum's only connection with Tennessee were "those times it contacted Plaintiff . . . after Plaintiff provided Spectrum with his contact information." *Id*. at 13.

---

[4] Although Defendants stated that the declaration of Manuel Araujo would also be submitted as a late filed exhibit, his declaration has not been filed.

3

Defendants also move for dismissal of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that Count II of the Complaint should be dismissed because it is not a viable claim given Plaintiff's allegations. Additionally, the individual Defendants and Defendant Araujo Law argue that Count I should be dismissed as against them because Plaintiff's allegations fail to support a claim that they are liable under the TCPA for the phone calls at issue.

Plaintiff responds by asserting that Spectrum admits in its supporting memorandum that it received Plaintiff's contact information from its "lead vendor," which markets "business to business" and placed the initial call to Plaintiff. *See* Docket Entry No. 11 at 4, n.2. Plaintiff argues that this admission, coupled with his allegation that phone calls were made to him in Tennessee is sufficient to support a finding of personal jurisdiction over Defendant Spectrum. *See* Response (Docket Entry No. 15). With respect to the individual Defendants, Plaintiff argues that he should be permitted to engage in limited discovery on the issue of personal jurisdiction and amend his complaint to allege more specific facts once discovery is completed. *Id*.

## II. CONCLUSIONS

<u>B. Count II of the Complaint</u>

The Court finds that Count II of the Complaint should be dismissed as to all Defendants for failure to state a claim upon which relief can be granted. In Count II, Plaintiff seeks civil damages under the private right of action provided for in 47 U.S.C. § 227(c)(5) based upon Defendants' alleged violations of the regulations set out at 47 C.F.R. § 64.1200(d).[5] However, the language of the TCPA specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only "the need to protect residential telephone subscribers' privacy rights." 47 U.S.C. § 227(c)(1). Further, the plain language of the regulation relied upon by Plaintiff states:

---

[5] Section 227(c)(5) provides that "a person who has received more than one telephone call within a 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring an action for damages.

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d). The private right of action created by 47 U.S.C. § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. As clearly stated by the Sixth Circuit in *Charvat*:

> In addition to the restrictions on automated telephone equipment, the TCPA instructs the FCC to issue regulations "concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1). Accordingly, the FCC issued regulations prohibiting "person[s] or entit[ies] [from] initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless [the] person or entity has instituted [certain listed] procedures for maintaining" a do-not-call list. 47 C.F.R. § 64.1200(d).

656 F.3d at 443-44, and:

> Subsection (c) and its accompanying regulations in 47 C.F.R. § 64.1200(d) impose minimum procedures for maintaining a do-not-call list that apply to all calls—live or automated—initiated for telemarketing purposes to residential telephone subscribers.

*Id*. at 449.

Plaintiff alleges only calls to his cellular phone. Accordingly, he fails to state a claim for relief under 47 U.S.C. § 227(c)(5), and Count II of the Complaint should be dismissed. *See Cunningham v. Rapid Response Monitoring Servs., Inc.*, 2017 WL 1489052 at *9 (M.D. Tenn. Apr. 26, 2017) (Crenshaw, J.) (dismissing claim under Section 227(c)(5) for alleged violations of regulations set out at 47 C.F.R. § 64.1200(d)).

Assuming that the lack of personal jurisdiction does not warrant the dismissal of the Complaint as to the Araujo Law Firm Defendants, the Court finds that Count I of the Complaint should be dismissed as to these Defendants because Plaintiff's allegations are insufficient to show these Defendants took any steps that would render them responsible and liable under the TCPA for the allegedly offending telephone calls. Plaintiff's allegation that these Defendants had direct, personal participation in causing or authorizing the allegedly illegal telephone calls to be made is conclusory and will not support a claim. Plaintiff must "do more than create speculation or suspicion

of a legally cognizable cause of action; [he] must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (citing *Twombly*, 550 U.S. at 555). He has not sufficiently pled facts as to a claim against these Defendants. *See Cunningham v. Kondaur Capital*, 2014 WL 8335868 at *8 (M.D. Tenn. Nov. 19, 2014), report and recommendation approved, 2015 WL 1412737 (M.D. Tenn. Mar. 26, 2015) (Sharp, J.) (dismissing claims under the TCPA for failure to state a claim for relief).

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 10) be:

1) GRANTED on the issue of lack of personal jurisdiction as to Defendants Montserratt Araujo, Victoria Blasiak, and the Araujo Law Offices, PC and these Defendants be DISMISSED from the action;

2) DENIED on the issue of lack of personal jurisdiction as to Defendants Spectrum Tax Relief, LLC, and Manuel Araujo;

3) GRANTED as to Count II of the Complaint and this count be DISMISSED for failure to state a claim upon which relief can be granted; and

4) GRANTED as to Count I of the Complaint as to Defendants Montserratt Araujo, Manuel Araujo, Victoria Blasiak, and the Araujo Law Offices, PC and that this count be DISMISSED as to these Defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*,

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

7

Case 3:16-cv-02283   Document 17   Filed 07/07/17   Page 7 of 7 PageID #: 259